# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9236 | **DATE** | 4/22/2003 |
| **CASE TITLE** | WALKER vs. BRAES FEED INGREDIENTS INC et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss counts V-VIII is granted. Individual defendants Maglente and Klanderman's motion to dismiss counts I-IV is moot. Counts I-IV as to defendant Braes Feed Ingredients remain. The parties are to conduct an FRCP 26(f) conference and file a form 35 by May 13, 2003. Status hearing is set for May 15, 2003 at 9:00 am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 23 2003 | |
| | Notified counsel by telephone. | date docketed | 13 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/22/2003 date mailed notice | |
| JS | courtroom deputy's initials | JS6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Douglas P. Walker, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02 C 9236 |
| Braes Feed Ingredients, Inc., formerly known as Feed Flavors, Inc., Rodolo Maglente, and Keith Klanderman, individually and as agents of Braes Feed Ingredients, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

DOCKETED
APR 2 3 2003

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On December 19, 2002, plaintiff Douglas P. Walker ("Walker") brought suit against defendants Braes Feed Ingredients, Inc. ("Braes Feed"), Rodolo Maglente ("Maglente"), and Keith Klanderman ("Klanderman") alleging discrimination on the basis of religion, age discrimination, hostile working environment, retaliation, false light invasion of privacy, defamation, tortious interference with business relations, and public disclosure of private facts invasion of privacy. Defendants, on February 26, 2003, moved this court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss counts V–VIII of plaintiff's complaint. Maglente and Klanderman also moved to dismiss counts I–IV against them in their individual capacities. Having considered this matter fully, for the reasons stated herein, defendants' motion to dismiss counts V–VIII is granted. Individual defendants Maglente and Klanderman's motion to dismiss counts I–IV is moot.

1

## STATEMENT OF FACTS[1]

The facts relevant to counts V–VIII, the counts all defendants have moved to dismiss, that plaintiff Walker has alleged are that he worked for defendant Braes Feed, most recently as a regional sales manager, from July 1996 until he was terminated effective August 4, 2001. On or after plaintiff's termination on August 4, 2001, through the filing by plaintiff on December 19, 2002, of his complaint in this case, when contacted regarding confirmation of plaintiff's prior employment, Maglente, Braes Feed's chief financial officer and human resources officer, and Klanderman, Braes Feed's president, or one of them, advised numerous potential employers, including but not limited to BalChem Corp., JP Enterprises, Sales Success, Inc., and AgraPlacements, Ltd., that there was pending litigation between plaintiff Walker and defendant Braes Feed when there was no such litigation pending. Plaintiff did, however, file a charge with the Illinois Department of Human Rights, which concurrently files the charge with the EEOC, on February 11, 2002.[2]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows this court to dismiss a complaint that fails to state a claim upon which relief can be granted. In considering the merits of a motion made pursuant to Rule 12(b)(6), the well-pled allegations of the complaint must be accepted as true. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In addition, all ambiguities will be construed in favor of the non-moving party. Id. A court generally should

---

[1] The following facts are taken from the well-pled allegations of plaintiff's complaint and must be accepted as true for purposes of this motion to dismiss. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

[2] This court can consider such evidence because the Charge of Discrimination was attached to the complaint. Thompson, 300 F.3d at 753.

dismiss a complaint only where it is clear that no relief could be granted consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992). Complaints can be "short and simple, giving the adversary notice while leaving the rest to further documents." Id. It follows that in deciding a Rule 12(b)(6) motion to dismiss, this court must ask whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. See id.

ANALYSIS

I. Employment Discrimination (Counts I–IV)

Defendants maintain that plaintiff brings claims against Maglente and Klanderman in their individual capacities in counts I–IV. Both parties agree that neither individual defendant is an "employer" under Title VII or the ADEA and thus cannot be held liable under these Acts. Plaintiff, in his amended response, makes clear that "[t]he allegations in Counts I through IV are against the 'Employer,' not Maglente or Klanderman in their individual capacities." (Pl.'s Resp. at 4.) Because plaintiff's complaint is far from a model of clarity and does not indicate clearly which counts are brought against which defendants, this court understands how Maglente and Klanderman could believe these counts are brought against them in their individual capacities. Although plaintiff never explicitly identifies Braes Feed as "Employer," he does define "Employer" as a corporation and agri-business manufacturer. Therefore, as plaintiff admits in his response, this court finds that plaintiff does not allege claims against Maglente nor Klanderman in counts I–IV. Accordingly, Maglente and Klanderman's motion to dismiss these counts is moot.

II. Defamation (Count VI)

Under Illinois law, "[a] statement is defamatory if it tends to cause such harm to the reputation of another in that it lowers that person in the eyes of the community or deters third persons from associating with him or her." Dunlap v. Alcuin Montessori Sch., 298 Ill. App. 3d 329, 338, 698 N.E.2d 574, 580 (1st Dist. 1998). Illinois law recognizes two types of defamation: defamation *per se* and defamation *per quod*.

### A. Defamation *Per Se*

A statement is considered defamatory *per se* when the statement is one in which "the defamatory character is apparent on its face and when the words used are so obviously and materially harmful that injury to the plaintiff's reputation may be presumed." Id. With defamation *per se*, a plaintiff need not plead nor prove actual damages to his or her reputation, as they are presumed. Id. In Illinois, five types of defamatory statements give rise to a defamation *per se* cause of action: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease; (3) those imputing an inability or want of integrity in performing the duties of office or employment; (4) those prejudicing a person in his or her profession or trade; and (5) those stating false accusations of fornication or adultery. Id.

Plaintiff argues that defendants' comments to the prospective employers regarding pending litigation prejudice plaintiff in his profession as a sales manager. Defendants contend that such statements do not prejudice plaintiff in his business. This court agrees with plaintiff and finds that one possible construction of the statements leads to the conclusion that they do prejudice plaintiff in his profession. As a practical matter, employers do not want to hire employees who will turn around and file suit against them. It can be readily inferred from defendants' comments that plaintiff

4

is litigious and may bring suit against the prospective employer. As prospective employers would in all likelihood shy away from hiring presumably litigious employees, plaintiff may be prejudiced in his ability to obtain a sales manager position with a different company. This, however, is only one possible construction.

Under Illinois law, even if a statement fits within one of the recognized defamation *per se* categories, recovery is precluded if the statement reasonably can be given an innocent construction. Anderson v. Vanden Dorpel, 172 Ill. 2d 399, 412, 667 N.E.2d 1296, 1301 (Ill. 1996). The Illinois Supreme Court has held that "a written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted . . . it cannot be actionable *per se*." Id., 667 N.E.2d at 1302 (quoting Chapski v. Copley Press, 92 Ill. 2d 344, 352, 442 N.E.2d 195 (Ill. 1982)). Whether a statement is capable of an innocent construction is a question of law. Id. at 413, 667 N.E.2d at 1302.

This court finds that defendants' statement to prospective employers regarding pending litigation is subject to a reasonable innocent construction. The comment, construed in context, may be understood to mean simply that plaintiff had a conflict with defendants, not that plaintiff will sue a future employer. Defendants reasonably could have meant plaintiff resorted to litigation as a means to vindicate his rights, not that he is litigious. See Anderson, 172 Ill. 2d at 413, 667 N.E.2d at 1302 (holding that statement by the defendant that the plaintiff could not get along with coworkers and did not follow up on assignments could be reasonably innocently construed "to mean simply that the plaintiff did not fit in with the organization of the employer making the assessment and failed to perform well in that particular job setting, and not as a comment on her ability to perform in other,

5

future positions."); Dunlap, 298 Ill. App. 3d at 339, 698 N.E.2d at 581 (finding that a letter regarding the plaintiff's termination stating that there had been a total breakdown of trust and confidence between the plaintiff and the employer and that the plaintiff was not satisfactorily performing her duties may be reasonably construed as an assessment of the plaintiff's failure to perform in the employer's particular job, not an inability to perform in future positions); Quinn v. Jewel Food Stores, Inc., 276 Ill. App. 3d 861, 868-69, 658 N.E.2d 1225, 1232 (1st Dist. 1995) (finding that statements that the plaintiff was "cocky" and "A con artist. Watch out for the bullshit!" could be innocently construed); Taradash v. Adelet/Scott-Fetzer Co., 260 Ill. App. 3d 313, 317-18, 628 N.E.2d 884, 887 (1st Dist. 1993) (finding that statement regarding the plaintiff's "lack of performance" is subject to the following innocent constructions: "the economic conditions in the industry may have made it impossible for [plaintiff] to perform; the performance standards set by [employer] may not have been reasonable; some conflict inside or outside of the work environment may have precluded [plaintiff] from meeting the standard of his position, or plaintiff could have chosen not to meet the standards set for him."). Plaintiff misses the point of the innocent construction doctrine; even if a statement can be interpreted to fit within one of the defamation *per se* categories, if a reasonable innocent construction is possible, that meaning controls. See Anderson, 172 Ill. 2d at 412-13, 667 N.E.2d at 1302 ("The rigorous standard of the modified innocent construction rule favors defendants in *per se* actions in that a nondefamatory interpretation must be adopted *if* it is *reasonable*."). Because defendants statement regarding pending litigation reasonably can be innocently construed, plaintiff cannot state a defamation *per se* cause of action.

B.  Defamation *Per Quod*

Defendants argue also that plaintiff fails to allege a defamation *per quod* cause of action. The Illinois Supreme Court has stated that "statements are considered defamatory *per quod* if the defamatory character of the statement is not apparent on its face, and extrinsic facts are required to explain the defamatory meaning." Anderson, 172 Ill. 2d at 416, 667 N.E.2d at 1303 (quoting Kolegas v. Heftel Broad. Corp., 154 Ill. 2d 1, 10, 607 N.E.2d 201 (Ill. 1992)). A defamation *per quod* claim requires allegations of extrinsic facts showing the defamatory nature of the language. Further, plaintiff must allege specific facts establishing plaintiff's special damages. Id.; FED. R. CIV. P. 9(g).

Here, plaintiff has not alleged any extrinsic facts to show how defendants' statements regarding pending litigation were defamatory. Plaintiff merely cites to the same allegations that he contends establish a defamation *per se* cause of action. Even under liberal federal notice pleading standards, none of these allegations contains any extrinsic facts alleging that defendants' statements were interpreted by any prospective employers as being defamatory.

Additionally, defendants assert that plaintiff has not alleged special damages. Special damages require more than general allegations such as damage to one's health or reputation, economic loss, and emotional distress. Kurczaba v. Pollock, 318 Ill. App. 3d 686, 694, 742 N.E.2d 425, 433 (1st Dist. 2000). Plaintiff alleges that he "has been greatly injured in his reputation and has had his professional career negatively impacted, thereby causing substantial loss to his past, current and future earning potential." (Compl., Count VI ¶ 14.) Plaintiff's vague and conclusory statements do not sufficiently allege special damages. See Anderson, 172 Ill. 2d at 416-17, 667 N.E.2d at 1303-04 (holding that statements that the plaintiff "has been damaged monetarily by losing gainful

employment and wages" and "has suffered great mental pain and anguish and incurred great expense for the treatment thereof" are insufficient allegations of special damages). Consequently, plaintiff has failed to state a defamation *per quod* cause of action.

Because plaintiff has failed to allege a cause of action under Illinois law for defamation *per se* or *per quod*, count VI is dismissed.

III. Invasion of Privacy (Counts V and VIII)

Relevant to this case, under Illinois law, two different types of invasion of privacy claims are actionable: (1) public disclosure of private facts and (2) publicity which places another in a false light before the public. Villa v. Brady Publ'g, 2002 WL 1400345, at *3 (N.D. Ill. 2002). Defendants assert that because public disclosure of private facts is a type of invasion of privacy claim, counts V, invasion of privacy, and VIII, public disclosure of private facts, should be considered together as simply a public disclosure of private facts claim. Again, this court understands defendants' argument. Plaintiff states in his response that count V, despite its label as "Invasion of Privacy," is a false light cause of action. Because, as will be discussed below, plaintiff cannot state a claim under either theory, this court construes count V as a false light invasion of privacy claim.

A. False Light

To state a claim for false light invasion of privacy under Illinois law, a plaintiff must allege that "the defendant's actions placed the Plaintiff in a false light before the public, that the false light would be highly offensive to a reasonable person, and that the defendant acted with actual malice." Schivarelli v. CBS, Inc., 333 Ill. App. 3d 755, 764, 776 N.E.2d 693, 700-01 (1st Dist. 2002). Important to this case, with regard to the false light and public disclosure claims, the information in question must be "publically disclosed." Information is "publically disclosed" if the defendant

communicates the matter "to the public at large or to so many persons that the matter must be regarded as one of general knowledge, or the plaintiff has a special relationship with the public to whom the information is disclosed, such as fellow employees, club members, church members, family or neighbors." Larsen v. Suburban Med. Ctr. at Hoffman Estates, Inc., No. 98 C 183, 1998 WL 684204, at *5 (N.D. Ill. Sept. 23, 1998) (citations omitted). The Illinois Court of Appeals, First District has made it clear that the foregoing "special relationship" categories are not exhaustive. Kurczaba, 318 Ill. App. 3d at 699, 742 N.E.2d at 437 (noting that a plaintiff may also have a "special relationship" with his or her employer).

In the case at hand, it is not alleged that defendants disclosed the pending litigation information to the public at large. Plaintiff argues that he had a "special relationship" with the prospective employers such that the information was publically disclosed. This court finds plaintiff's argument unpersuasive. Clearly, the prospective employers were not plaintiff's fellow employees, club members, church members, family members, or neighbors. In fact, plaintiff had no, or at best a minimal and attenuated, relationship with the prospective employers. Preliminary interviews and overtures about hiring are far from the close, personal, and collegial relationship established between fellow employees, club members, church members, family members, and neighbors. In such cases, a person has a long-established, on-going, intimate relationship wherein personal information not generally known to the public about a person is shared. Generally, interviewees do not relate personal information to potential employers like they do with co-workers, club members, church members, family members, and neighbors. Potential employers are not sufficiently like fellow employees, club members, church members, family members, neighbors, or even current employers

such that plaintiff had a special relationship with them. Consequently, because defendants did not place plaintiff in a false light before the public, count V is dismissed.

### B. Public Disclosure of Private Facts

To state a cause of action for public disclosure of private facts under Illinois law, plaintiff must allege that (1) publicity was given to the disclosure of private facts; (2) the facts were private, not public; (3) the matter made public was such as to be highly offensive to a reasonable person; and (4) the matter publicized was not a one of legitimate public concern. Larsen, 1998 WL 684204, at *5. As with false light invasion of privacy, for plaintiff to recover, he must prove that the pending litigation information was publically disclosed. As discussed above, plaintiff cannot make this showing. Further, any facts communicated regarding the EEOC charge were not private. Although EEOC regulations prohibit the Commission from disclosing a charge of discrimination until a complaint has been filed in court, nothing prevents an employer or charging party from disclosing the charge. See 29 C.F.R. § 1601.22. Because Braes Feed lawfully could reveal the fact that plaintiff filed an EEOC charge, plaintiff could not have believed reasonably that the information was private. Therefore, because defendants did not publically disclose private facts, count VIII is dismissed.

## IV. Tortious Interference With Business Relations (Count VII)

To state a claim for intentional interference with prospective business relations, plaintiff must allege: (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional and unjustified interference by the defendant that caused a breach or termination of the expectancy; and (4) damage to plaintiff resulting from defendant's interference. Anderson, 172 Ill. 2d at 406-07, 667 N.E.2d at 1299. In the case at hand,

plaintiff fails under the first and second prongs. First, a job candidate does not have a "reasonable expectancy." See id.; see also Steffes v. Stepan Co., No. 96 C 8225, 1997 WL 305306, at * 2 (N.D. Ill. May 30, 1997) ("The hope of receiving a job offer is not a sufficient expectancy."). As in Anderson, plaintiff merely was a job candidate of several employers. Plaintiff claims, albeit in his response and not his complaint,[3] that he was told that he was "right up Balchem's alley," he was "what they were looking for," and Balchem "felt good about his qualifications." (Pl.'s Resp. at 22.) Plaintiff believed he had a good chance of being hired by Balchem. Like Anderson, however, "while the plaintiff's progression past the initial series of interviews speaks well of [his] candidacy, it does not by itself demonstrate a reasonable expectancy of employment. Just as informal assurances of good will do not by themselves constitute contractual obligations, favorable comments of the type allegedly made to this plaintiff should not be regarded as giving rise to a legally protectible expectancy." Anderson, 172 Ill. 2d at 408, 667 N.E.2d at 1300 (citation omitted). In Anderson, allegations of being the "leading candidate" and "seriously considered" and that those who had interviewed the plaintiff were going to recommend her for employment were not sufficient to create a reasonable expectancy of employment. Id. Similar allegations in this case are insufficient to establish a reasonable expectancy. Second, plaintiff has not alleged that defendants knew of any alleged expectancy. As a result, count VII is dismissed.

---

[3] For purposes of efficient disposition, this court will consider the statements in plaintiff's response as if they were alleged in the complaint.

11

## CONCLUSION

For the above stated reasons, defendants' motion to dismiss counts V–VIII is granted. Individual defendants Maglente and Klanderman's motion to dismiss counts I–IV is moot. Counts I–IV as to Braes Feed remain. Counsel are to confer pursuant to Rule 26(f) and file a jointly completed Form 35 signed by counsel for each party on or before May 13, 2003. This case is set for a report on status and the entry of a scheduling order at 9:00 a.m. on May 15, 2003. The parties are strongly urged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: April 22, 2003